IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIEL ALVARADO AYALA, *Petitioner*, v. JEFFREY CRAWFORD, *et al.*, *Respondents*. | 1:25-cv-1691-MSN-IDD |

### ORDER

Petitioner Daniel Alvarado Ayala has filed a four-count Petition for Writ of Habeas Corpus, (the "Petition"), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). ECF 1. Mr. Ayala is currently detained at Farmville Detention Center, an immigration detention center within this Court's jurisdiction. In his Petition, he argues that his continued detention pursuant to the Department of Homeland Security's ("DHS") invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2), after an Immigration Judge ("IJ") ordered him released on bond, violates the Immigration and Nationality Act ("INA") (Count I); his right to a bond determination hearing pursuant to 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); his due process rights (Count III); and his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution (Count IV).

For the reasons that follow, this Court grants the Petition as to Count III.

### I. BACKGROUND

Mr. Ayala is a national and citizen of El Salvador. ECF 1 ¶ 37. He entered the United States without inspection in July 2003 and resided continuously in the United States since his entry. *Id.* He was never previously in immigration court proceedings. *Id.* ¶ 38. On August 18, 2025, Mr. Ayala was stopped by ICE Enforcement and Removal Operations ("ERO") officers while driving in Washington D.C. *Id.* ¶ 40; ECF 6-1 ¶ 7. The officers detained Mr. Ayala after determining that he was present in the United States without being admitted or paroled and took him to Farmville

Detention Center. ECF 1 ¶ 41; ECF 6-1 ¶ 7. On August 26, 2025,[1] Mr. Ayala was issued a Notice to Appear ("NTA") charging him with being inadmissible to the United States and removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).[2] ECF 6-1 ¶ 8. The next day, Mr. Ayala moved for custody redetermination, and an IJ held a bond hearing on September 3, 2025 at which the IJ found he was being detained under 8 U.S.C. § 1226(a) and granted him a bond of $7,000. ECF 1 ¶ 44. The same day, Respondents filed a form EOIR-43, Notice of Intent to Appeal Custody Redetermination, automatically staying the IJ's bond order pursuant to 8 C.F.R. § 1003.19(i)(2). *Id.* ¶ 45. On September 9, 2025, ICE filed a motion requesting the IJ reconsider his grant of bond for lack of jurisdiction based on the BIA's opinion in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF 6-1 ¶ 14. The IJ granted the motion for reconsideration on September 19, 2025, finding that the immigration court had no jurisdiction to grant bond. ECF 1 ¶ 14; ECF 6-1 ¶ 17. Mr. Ayala has continued to be detained at Farmville since that time. *Id.* ¶ 46.

On September 11, 2025, Mr. Ayala filed his Petition, naming Matthew Elliston, Deputy Assistant Director for Field Operations for ICE ERO; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General of the Untied States ("Federal Respondents"). ECF 1. The Petition also named Jeffrey Crawford, the Warden of Farmville Detention Center. *Id.* On October 8, 2025, Ayala moved to temporarily enjoin the respondents from moving him outside of this Court's jurisdiction or removing him from the United States during the pendency of his petition. ECF 2 The same day, this Court issued an order directing respondents to show cause on or before Wednesday, October 15, 2025. ECF 3. On October 10, 2025, this Court ordered that Ayala not be removed from this judicial district absent a contrary Court order. ECF 4. Federal Respondents

---

[1] SDDO Mullan's declaration states this Notice to Appear was issued on August 26, 2019, although it appears this is a typo.

[2] Petitioner was later additionally charged with being inadmissible and removable under 8 U.S.C. § 1182(a)(6)(A)(i). ECF 6-1 ¶ 12.

2

opposed the Petition on October 15, 2025. ECF 6. Ayala filed a reply in support of his petition on October 16, 2025. ECF 7. Thereafter, on October 22, 2025, Mr. Ayala moved to expedite this Court's ruling on his petition. ECF 8.

## II.    ANALYSIS

The central question posed in the Petition is whether Mr. Ayala is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Mr. Ayala contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to procedural due process. Federal Respondents "recognize that several jurists of this Court have recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 6 at 2; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 6 at 2.

At bottom, Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 8–17. They therefore argue that because Mr. Ayala is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 9–10.

Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

3

to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. Va. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g., Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Turning to Mr. Ayala's Fifth Amendment claim, the Court concludes that his detention under the automatic stay regulation violates his right to substantive due process. As in *Quispe-Ardiles*, "[a]ny interest that the federal respondents may have in securing [Petitioner's] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." Slip op. at 16 (quoting *Hasan v. Crawford*, No. 1:25-cv-01408 (LMB/IDD), 2025 WL 2682255, at *10 (E.D. Va. Sept. 19, 2025)); *see also Leal-Hernandez*, 2025 WL 2430025, at *13 (concluding that any flight risk concerns were accounted for by the IJ's imposition of a $10,000 bond on the petitioner's release); *Herrera v. Knight*, No. 2:22-cv-01366-RFB-DJA, 2025 WL 2581792, at *12 (D. Nev. Sept. 5, 2025) (finding that respondents had not articulated "*any* interest—let alone a compelling interest" to justify the petitioner's continued detention through the automatic stay regulation). Federal Respondents also do not contend that Petitioners present a safety or considerable flight

risk. Instead, the automatic stay regulation and the IJ's grant of reconsideration has allowed DHS to unilaterally detain him, even after the IJ made individualized findings that his continued detention was unnecessary. *See Quispe-Ardiles*, slip op. at 17 (concluding same). This continued arbitrary detention violates Mr. Ayala's right to substantive due process.

Mr. Ayala's detention under the automatic stay regulation also violates his right to procedural due process. Mr. Ayala has a substantial interest in release from physical detention, there is an acute risk that the automatic stay regulation will erroneously deprive him of liberty, additional safeguards such as a discretionary stay of release on bond would likely ameliorate that risk, and the Court discerns no significant governmental interest in continuing to hold him without bond. *See Quispe-Ardiles*, slip op. at 17-20.

### III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that the Immigration Judge's grant of a bond of $7,000 to Petitioner Daniel Alvarado Ayala is reinstated; and it is further

ORDERED that Petitioner be released from custody no later than 4:00 pm on Monday, October 27, 2025, with all of his personal property, once he has posted the $7,000 bond set by the Immigration Judge; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, has failed to attend any properly noticed immigration or court hearing, or has received a final order of removal; and it is further

ORDERED that Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order to counsel of record, and close this civil action.

**IT IS SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

October 2⁷, 2025
Alexandria, Virginia